[J-71-2021] [MO: Todd, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| EASTERN UNIVERSITY ACADEMY CHARTER SCHOOL, | : | No. 16 EAP 2021 |
| | : | |
| | : | Appeal from the Order of |
| Appellant | : | Commonwealth Court entered on July |
| | : | 10, 2020 (reargument denied |
| v. | : | September 11, 2020) at 1167 CD 2019 |
| | : | affirming the Order entered on August |
| | : | 14, 2019 by the Charter School Appeal |
| SCHOOL DISTRICT OF PHILADELPHIA, | : | Board at 2018-04. |
| | : | |
| Appellee | : | ARGUED: October 27, 2021 |
| | : | |

## *CONCURRING AND DISSENTING OPINION*

**JUSTICE SAYLOR**                                           **DECIDED: December 22, 2021**

I agree with the majority's holding that a school district's failure to renew a charter by the end of the charter term does not automatically result in a new five-year charter. *See* Majority Opinion, *slip op.* at 22-23. With that said, the statutory phrase "at the end of the term of the charter," 24 P.S. §17-1729-A(a), cannot reasonably be expanded to mean "any time beyond the end" of the charter term, as this would be in tension with the plain meaning of "at" the end. *See* Concurring Opinion, *slip op.* at 4 (Wecht, J.) (indicating that, in instances where "at the end" of an occurrence does not impose a firm deadline, it means no later than a reasonable time after the end of the occurrence). And while charter schools can operate on an interim basis after charter expiration, *see* 24 P.S. §17-1729-A(f) (providing that, except in instances involving threats to personal safety, the charter remains in effect until final disposition by the Charter School Appeal Board), the school is still in a state of uncertainty until the school district makes a final decision on the renewal

application. In this respect, I am aligned with many of the sentiments expressed by Justice Wecht regarding the untenable position of a charter school which must wait an unreasonable period after charter expiration before the school district reaches a renewal decision. *See id.* at 6.

Along these same lines, I depart from the majority to the extent it discounts the difficulties faced by a charter school which has a pending application before the school district and must start a new school year with no renewal decision. *See* Majority Opinion, *slip op.* at 15 n.15 (rejecting the charter school's complaint that it was in a state of "limbo" or was otherwise forced to operate under a cloud of uncertainty).[1] It seems to me that such difficulties could become acute where the appeal board makes a final decision in the middle of a school year; this could cause substantial disruption to the students, families, faculties, and staff of the affected charter school, as the charter school is dissolved at the time of nonrenewal. *See* 24 P.S. §17-1729-A(i).[2]

Nevertheless, while the judiciary can recognize that such hardships may arise from statutory omissions that come to light during litigation, it is the task of the General Assembly, and not the courts, to resolve those issues via legislative amendments. Here, the Legislature simply has not attached any consequence to tardy decision-making by a school district, and I agree with the majority that it would be inappropriate for the judiciary to interpose an automatic renewal.

Justice Mundy joins this concurring and dissenting opinion.

---

[1] The majority's reasoning on this point is particularly confounding because it seems to reject the idea that the charter school was operating under a cloud of uncertainty on the specific basis that the charter school was aware that renewal was uncertain.

[2] I observe parenthetically that, in instances where the appeal board non-renews a charter in the middle of a school year, it may be able to ameliorate these disruptions by specifying that its final disposition goes into effect at the end of the school year; I am not aware of any aspect of the Charter School Law that would prohibit such a course of action.